Vernon GRIFFIN et al.

v.

CELTIC LIFE INSURANCE COMPANY.

Supreme Judicial Court of Maine.

Argued June 9, 1982.

Decided July 12, 1982.

Grover G. Alexander (orally), Gray, for plaintiff.

Robinson & Kriger, P.A., Roland Beaudoin (orally), Sarah Allison Thornton, Portland, for defendant.

Before McKUSICK, C. J., and GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

NICHOLS, Justice.

The Plaintiffs, Vernon Griffin and Berta L. Griffin, appeal from a September 11, 1981, judgment of the Superior Court (Cumberland County) dismissing their complaint. The Court found that the matters alleged in the complaint were presented or might have been presented in a prior action initiated by the same Plaintiffs on February 2, 1978, and dismissed on April 28, 1980, for want of prosecution pursuant to M.R. Civ.P. 41(b)(2).

We deny the appeal.

The 1981 complaint sought general and punitive damages for injuries allegedly resulting from the Defendant company's actions regarding Plaintiff Berta L. Griffin's claim under a total disability insurance policy issued by the Defendant to the Plaintiffs. Although the 1981 complaint presented additional facts and theories of recovery not presented in the prior action, all of the matters presented for resolution by the allegations of the 1981 complaint were within the ambit of the allegations of the 1978 complaint. The latter complaint asserted in Count I a breach of the Defendant's contract of insurance. In Count II that complaint alleged that the Defendant "acted intentionally, willfully and with malice" in committing that breach of contract. In Count III, it is alleged that the breach was accomplished through a negligent disregard of the rights of the Plaintiffs. These allegations were broad enough in scope to permit proof of the facts alleged by the 1981 complaint to show intentional breach of contract, fraud and deceit, outrageous conduct, and violation of statutory and alleged fiduciary duties of the Defendant.

Thus, those facts and the theories of recovery which they would allegedly support if proven could have been produced at a trial on the 1978 complaint. Thus, the issues raised by those allegations "might have been tried" within the framework of the earlier case as demarcated by the allegations of the 1978 complaint. *Kradoska v. Kipp*, Me., 397 A.2d 562, 565 (1979). Where, under the circumstances of the case, "both complaints make out essentially the same cause of action" the subsequent complaint is

barred by the *res judicata* effect of the judgment in the prior action. *Id.* at 568.

*See generally* Restatement (Second) of Judgments § 19 (1982). The entry is:

Appeal denied.

Judgment affirmed.

All concurring.